**PAID**     **ORIGINAL**

51436-FL

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

Ryan Hermiz

    Plaintiff

vs.

Mann, Bracken, LLC, Shermeta,
Adams & Von Allmen, PC,
And Jane Does 1 – 10

    Defendants

2008 MAY -5 P 12: 35

**FILED**

CASE NO. *08 - 11888*

COMPLAINT
JURY TRIAL DEMAND

*Feikens*
*Scheer*

---

Doug Dern (P64567)
Attorney for the Plaintiff
11636 Highland Rd #107
Hartland MI 48353
810-632-9160

---

## COMPLAINT
### PRELIMINARY STATEMENT AND INTRODUCTION

NOW COMES the Plaintiff by and through his attorney Doug Dern in the below complaint for violations of the Federal Fair Debt Collection Practices Act. The Plaintiff states the following in support thereof:

1.    This petition is an action for statutory and actual damages brought by an individual consumer Ryan Hermiz ("Plaintiff") against Mann Bracken, LLC, Sermeta, Adams & Von Allmen, PC, and John and Jane Does 1 – 10 ("Defendants") for violations of the Fair Debt Collection Practices Act 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Fair Credit Reporting Act 15 U.S.C. § 1681 *et seq.* ("FCRA"); for injunctive relief and for declaratory relief. This petition is also an action for statutory and actual damages under the Michigan Consumer Protection Act, M.C.L. § 445.901 *et seq.* which is brought under the Court's pendent and supplemental jurisdiction. Plaintiff brings this action against the above named Defendants both jointly and severally based on their violations of said Acts.

### JURISDICTION / VENUE

2.    Jurisdiction of this Court arises under 15 U.S.C. Sec. 1692k(d) and 28 U.S.C. Sec's 1331 and 1337 (a). Declaratory relief is available pursuant to 28 U.S.C.

Sec's 2201.1 and 2202. The doctrine of pendent and supplemental jurisdiction is proper under 28 U.S.C. Sec. 1367.

3.    Venue is proper in the District as Defendants transact business here and the communications as well as the conduct of Defendants upon which this complaint is based occurred here.

## 1
## PARTIES

4.    The Plaintiff, Ryan Hermiz, is a natural person, and was at all times relevant hereto a resident and citizen of the State of Michigan. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and a person as that term is defined under M.C.L. § 445.902(1)(d).

5.    Defendant Mann Bracken, LLC, is a law firm engaged as "debt collectors" as defined by and within the meaning of the FDCPA, 15 U.S.C. § 1692a(6), and as a person as that term is defined under M.C.L. § 445.902(1)(d), engaged in the business of collection debts in this State where Defendants regularly collect or attempt to collect debts owed or due or asserted to be owed or due another and whose principal purpose is the collection of debts using the mails and telephone. This Defendant may be served at its principal place of business located at One Paces West, Suite 1400, 2727 Paces Ferry Road, Atlanta, GA 30339.

6.    Defendant Shermeta, Adams & Von Allmen, PC, is a law firm engaged as "debt collectors" as defined by and within the meaning of the FDCPA, 15 U.S.C. § 1692a(6), and as a person as that term is defined under M.C.L. § 445.902(1)(d), engaged in the business of collection debts in this State where Defendants regularly collect or attempt to collect debts owed or due or asserted to be owed or due another and whose principal purpose is the collection of debts using the mails and telephone. This Defendant may be served at its principal place of business located 445 South Livernois Road, Suite 333, P.O. Box 5016, Rochester Hills, MI 48306.

7.    Defendants, John and Jane Does 1 – 10 are all natural persons, corporations, parties, or enterprises and employed by Defendants as debt collectors as that term is defined by 15 U.S.C. § 1692a(6), and are involved in the instant matter. Said Defendants are currently unknown to Plaintiff. Said Defendants and entities

will be joined as necessary parties upon further discovery of their true nature and liability once these facts are known and supported by competent evidence.

## FACTUAL ALLEGATIONS

8.    Sometime prior to 2006, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term

2

is defined by 15 U.S.C. § 1692a(5), namely a MBNA credit card in the approximate amount of $15,457.43, which was allegedly used by Plaintiff to make personal purchases of food, clothing, and shelter-related items.

9.    Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

10.   On or about August 7, 2006, Plaintiff sent a billing error notice as that term is defined under 15 U.S.C. § 1666(a) to the original creditor, disputing the alleged debt requesting clarification of transaction details and omitted material disclosures that affect the finance charge, penalty rate, and annual percentage rate on multiple periodic statements.  See Exhibit 1 attached hereto and incorporated as if fully stated herein.

11.   The original creditor never provided verification or validation of the alleged debt or responded in any way to Plaintiff's billing error notice and dispute.

12.   Despite the fact that the original creditor had not responded to a valid billing error notice and dispute, on or about December 6, 2006, Defendant **Mann Bracken, LLC** (hereinafter "MBLLC"), caused to be sent to Plaintiff, an initial communication in an attempt to collect this alleged debt in the form of a collection letter in violation of 15 U.S.C. 1692 g(b).  See Exhibit 2 attached hereto an incorporated as if fully stated herein.

13.   In response to this collection letter, on or about December 11, 2006 and again on or about January 15, 2007, Plaintiff sent a notice disputing the alleged debt and demanding verification and validation of it under 15 U.S.C. § 1692 et seq., (see Exhibit 3 & 4 attached hereto and incorporated as if fully stated herein).

14.   Defendants failed to provide verification and validation of the alleged debt in violation of 15 U.S.C. Sec 1692g, et seq.

15.   Despite having disputed this debt in writing to the original creditor and Defendants **MBLLC** previously and the original creditor and Defendants **MBLLC**

failing to provide verification and validation of the debt, Defendants **MBLLC** on or about December 1, 2006, caused to be filed and served on the Plaintiffs arbitration summons that sought full payment on this alleged debt in the amount of $15,457.43 plus costs and interest of $320.00 in violation of 15 U.S.C. Sec. 1692g(b). See Exhibit 5 attached hereto and incorporated as if fully stated herein.

3

16.    On or about December 11, 2006 and again on January 15, 2007, Plaintif' disputed the debt with Defendant **MBLLC** as well as with the arbiter and notified both that he had not agreed to arbitration and did not do so now.

17.    The arbitration proceeding that was brought by Defendants **MBLLC** was conducted in the state of Minnesota, in violation of 15 U.S.C. Sec. 1692 i(a)(2), under the laws of the State of Delaware, despite Defendants knowing that Plaintiff's at all times relevant hereto have resided in the State of Michigan.

18.    Despite the fact that the original creditor and Defendants **MBLLC** had not responded to a valid billing error notice and dispute, on or about March 13, 2007, Defendant **Shermeta, Adams & Von Allmen, PC**, (hereinafter "SAVAPC"), caused to be sent to Plaintiff an initial communication in an attempt to collect this alleged debt in the form of a collection letter in violation of 15 U.S.C. Sec's 1692g, et seq. and 1692g(b). See Exhibit 6 attached hereto and incorporated as if fully stated herein.

19.    In response to this collection letter, on or about March 26, 2007 Plaintiff sent a notice disputing the alleged debt and demanding verification and validation of it under 15 U.S.C. § 1692 et seq., (see Exhibit _7attached hereto and incorporated as if fully stated herein).

20.    Defendants failed to provide verification and validation of the alleged debt in violation of 15 U.S. C. Sec's 1692g, et seq. and 1692g(b).

21.    Despite having disputed this debt in writing to the original creditor and the Defendant **MBLLC** and **SAVAPC** previously and the original creditor and the defendants **MBLLC** and **SAVAPC** failing to provide verification and validation of the debt, Defendants **SAVAPC** subsequently filed a civil complaint in the name of an alleged creditor on or about May 22, 2007 seeking full payment in the amount of $17,660.31 in violation of 15 U.S.C. Sec. 1692g(b). See Exhibit 8 attached hereto and incorporated as if fully stated herein.

22.   Defendants **SAVAPC** have continued to pursue collection activity on the alleged
      debt and have initiated a judicial proceeding wherein they have willfully and
      materially failed to disclose that they are attempting to collect an amount that was
      disputed to their alleged creditor client in violation of the Fair Credit Billing Act.  In
      addition, Defendants have also failed to report to any third party credit reporting

4

      agency ("CRA") that the alleged debt is disputed in violation of 15 U.S.C
      1692e(8).

23.   Defendants **MBLLC** and **SAVAPC** have a duty to comply with these restrictions
      on reporting of disputed amounts to the state court and any CRA, and their
      failure to do so is contrary to federal and state statutes.

24.   Defendants knew or should have known that their alleged client is unable to
      achieve standing, unable to produce competent evidence to support a claim,
      unable to produce a written agreement with a bona fide signature of the Plaintiff.

25.   Defendant's actions, omissions, misrepresentations, violations and inability to
      produce material disclosures and competent evidence of the alleged debt as
      alleged herein have constituted harassment which has resulted in the negligent
      and intentional infliction of mental and emotional distress, mental and physical
      pain, embarrassment, humiliation which Plaintiff will in the future continue to
      suffer the same.

## SUMMARY

26.   The conduct of these Defendants in undertaking a legal action in a foreign
      jurisdiction under foreign law, Defendants harassing Plaintiff in an effort to collect
      the alleged debt, constitutes violations of numerous and multiple provisions of the
      FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2),
      1692e(8), 1692f, and 1692g(b) and 1692i, amongst others, as well as an invasion
      of his privacy by an intrusion upon Plaintiff's seclusion.

## CAUSES OF ACTION
### FIRST CLAIM
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692 *et seq.***

27.    Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1 -- 26
       above as if fully stated herein.

28.    The foregoing acts and omissions of each and every Defendant constitute
       numerous and multiple violations of the FDCPA including, but not limited to, each
       and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et
       seq.*

5

29.    Defendants attempted to collect a consumer debt allegedly owed by Plaintiff and
       the obligation required Plaintiff to pay money arising out of transactions for
       personal, family and household purposes.

30.    The foregoing acts and omissions were undertaken by the Defendants willfully,
       persistently, intentionally, knowingly and discriminately as part of their routine
       debt collection business and/or in gross or reckless disregard of the rights of the
       Plaintiff.

31.    As a result of the above violations of the FDCPA, the Defendants are liable to the
       Plaintiff for a declaratory judgment that Defendants' conduct violated the FDCPA,
       and Plaintiff's actual damages, statutory damages and costs and attorney's fees
       under 15 U.S.C. § 1692k, Civil liability (Section 813 of Pub. Law).

## SECOND CLAIM

## VIOLATIONS OF THE MICHIGAN CONSUMER PROTECTION ACT: M.C.L.§ 445.901 et seq.

32.    Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1 -- 26
       above as if generally and specifically stated herein.

33.    The Michigan Consumer Protection Act, M.C.L. § 445.903(1) provides that it is
       unlawful to use unfair, unconscionable, or deceptive methods, acts or practices in
       conduct of trade or commerce within this state.

34.    Debt collection is a service within the scope of 'trade and commerce" as that term
       is defined under M.C.L. § 445.902(1)(g) and at issue in this case, generally this
       service affects commerce and trade in this state.

35.    The conduct described in paragraphs 1 – 26 is specifically and generally unfair,
       deceptive, oppressive, unconscionable and contrary to public policy and
       generally recognized standards applicable to responsible and lawful consumer
       credit protection practices.

36.    Defendants' unfair and deceptive acts have proximately caused emotior al and
       actual damage and Defendants are liable to the Plaintiff fur such injury.

## DECLARATORY AND INJUNCTIVE RELIEF

37.    Plaintiff repeats, re-alleges and incorporates by reference each paragraph 1 – 36
       above as if fully stated herein.

6

38.    There exists a dispute over whether Defendants have violated the FDCF'A, the
       FCRA and Michigan Consumer Protection Act, M.C.L. § 445.901 et seq.

39.    Plaintiff is entitled to injunctive relief, a declaratory judgment and a determination
       that Defendants violated the FDCPA, the FCRA and Michigan Consumer
       Protection Act, M.C.L. § 445.901 et seq. and Plaintiff is similarly entitled to an
       order enjoining said acts.

40.    As a result of Defendants actions, omissions and violations, Plaintiff is entitled to
       statutory damages, actual damages, reasonable attorney's fees and all costs for
       time lost at work and litigating this matter.

41.    Defendant's actions, omissions and violations as alleged herein constitured the
       negligent and intentional infliction of mental and emotional distress upon the
       Plaintiff, proximately causing Plaintiff to suffer great mental distress, mental and
       physical pain, embarrassment, and humiliation and will in the future continue to
       suffer the same.

### JURY DEMAND

42.    Plaintiff is entitled to and hereby demands that this cause be tried by a jury.  U.S.
       Const. Amend. 7.Fed. R. Civ. Pro. 38


WHEREFORE, Plaintiff respectfully prays that judgment be entered against each and
every Defendant by this Court for the following:

1.     Injunctive and corresponding declaratory relief establishing the foregoing conduct
       of Defendants to be unlawful, enjoining Defendants from continuing to er gage in
       said conduct and granting such additional equitable relief as may be appropriate.

2.     Award Plaintiff actual damages.

3.     Award Plaintiff punitive damages.

4.    Award Plaintiff federal and state statutory damages.

5.    Award Plaintiff compensatory damages for mental and emotional distress, humiliation and embarrassment to be determined at trial.

6.    Award Plaintiff reasonable attorney's fees and costs of this litigation.

7.    Grant such other and further relief as this Honorable Court deems just and proper.

Dated:  05/04/2008

Respectfully submitted,

Doug Dern (P64567)
Attorney for the Plaintiff
11636 Highland Rd Ste 107
Hartland MI 48353
810-632-9160

ATTORNEYS AT LAW
M. DOUGLAS MANN (GA)
W. CHRISTOPHER BRACKEN, III (GA)
JAMES D. BRANTON (GA)
PAUL J. GALLO (AL, GA)
SCOTT A. KRAMER (MD, DC)
MICHAEL CHABROW (MD, DC)
ANDREW S. LERNER (MD,DC,MA,WV)
W. CHRISTOPHER BRACKEN, IV (VA,DC)
JOSEPH COOLING (GA)
GREGORY B. WALZ (MD,DC)
KEITH D. TAYLOR (GA)
AHMAD S. WASHINGTON (NC,SC)
KAREN D. WASHINGTON (SC)
NICHOLAS H. ADLER (NY,TN)
WENDI T. LASSENDER (MD,DC)
KRISTIAN KNOCHEL (FL,GA)
OF COUNSEL:
DEKELBAUM, OGENS & RAFTERY CHARTERED

**ℳℬ**

MANN BRACKEN, L.L.C.

**FIRM HEADQUARTERS SERVING NATIONAL ARBITRATION & GA LITIGATION**
ONE PACES WEST, SUITE 1400
2727 PACES FERRY ROAD
ATLANTA, GA 30339
TOLL: (888) 232-8439
MAIN: (678) 801-2352

**MID-ATLANTIC OFFICE SERVING LITIGATION & ARBITRATION VD, MD, DC, WV**
1953 GALLOWS ROAD, SUITE 240
VIENNA, VA 22182
TOLL: (800) 506-7573

**CAROLINA OFFICE SERVING LITIGATION & ARBITRATION NC, SC**
227 WEST TRADE STREET, SUITE 1610
CHARLOTTE, NC 28202
TOLL: (877) 899-2065
MAIN: (704) 837-0421
FAX: (704) 837-0569

**TENNESSEE OFFICE SERVING LITIGATION & ARBITRATION TN**
209 10th AVENUE S., SUITE 532
NASHVILLE, TN 37203
TOLL: (877) 275-8878
MAIN: (615) 296-9337
FAX: (615) 296-9354

**FACIMILE:**
**(678) 801-2355**
**(800) 417-9167**

December 6, 2006

Ryan Hermiz

6967 Apple Blossom Trail

West Bloomfield, MI 48322

RE:  **ENCLOSED ARBITRATION CLAIM FORM &**
**OFFER OF COMPROMISE FOR 75% OF YOUR BALANCE**

Our Client:          FIA Card Services, N.A.
                     formerly known as MBNA America Bank, N.A.
Account Number:      4264299607963536
Our File No.:        61475050

Dear Ryan Hermiz:

    We regret to have found it necessary to file the enclosed claim with the National Arbitration Forum in order to enforce the above-referenced claim of our client, FIA Card Services, N.A. Although we have been unable to gain your assistance in reaching an amicable resolution of this matter, it is still possible to conclude this affair without the necessity of proceeding through the full arbitration process. *We would like to offer you the opportunity to settle your account for 75% of your principal balance of $15457.43.* We are still open to discussing with you suitable arrangements to satisfy your obligation to our client before this matter is presented to an Arbitrator for final disposition.

    If you would like to arrange for a settlement of this claim, please contact us at 1 (888) 232-8439 during our hours of operation referenced below.

Sincerely,

MANN BRACKEN, LLC

By: James D. Branton

**This communication is an attempt to collect a debt and any information obtained will be used for that purpose**

**Mann Bracken, LLC Hours of Operation:**

Monday through Thursday, 8:00 AM - 9:00 PM (EST)

Friday, 8:00 AM - 5:00 PM (EST)

Saturday, 8:00 AM - 12:00 PM (EST)

EXHIBIT 2

From:

Ryan Hermiz
6967 Appleblossom Trail
West Bloomfield MI 48322

To:

James D. Branton, Esq.
Mann Bracken, LLC
One Paces West, Suite 1400
2727 Paces Ferry Road
Atlanta, GA 30339

December 11, 2006

### NOTICE OF DISPUTE

**Certified RR#** 7005-1820-0007-3480-6937

**Re:**

**Account #** 4264299607963536

File # 61475050

**You're Client:** FIA Card Services, N.A.

**Forum File Number:** FA0612000861014

Dear Sir/Madame:

I am in receipt of your letter demanding payment on the above referenced account. I dispute this debt and refuse to pay it.

Further, I never entered into an agreement to arbitrate any disputes on this account.

Respectfully,

Ryan Hermiz

$Ex HIBiT 3$

**From:**

Ryan Hermiz
6967 Appleblossom Trail
West Bloomfield Mi 48322

**To:**

James D. Branton,, Esq.
Mann Bracken, LLC
One Paces West, Suite 1400
2727 Paces Ferry Road
Atlanta, GA 30339

January 15, 2007

## NOTICE OF DISPUTE

**Certified RR#** 7005-3110-0003-8765-5900

**Re:**

**File Number:** FA0612000861014

**Claimant Account Number:** 4264299607963536

**Claimant Reference Number:** 61475050

Dear Sir/Madame:

I am in receipt of your letter demanding payment on the above referenced account. I dispute this debt and refuse to pay it.

Further, I never entered into an agreement to arbitrate any disputes on this account.

Respectfully,

Ryan Hermiz

$E \times H(B_1 + 4$

**IN THE**
**NATIONAL ARBITRATION FORUM**

**CLAIM**

FIA Card Services, N.A.,
*formerly known as* MBNA America Bank, N.A.
C/O Mann Bracken, LLC
One Paces West, Suite 1400
2727 Paces Ferry Road
Atlanta, GA 30339
USA

      **CLAIMANT,**

      **RE:** FIA Card Services, N.A., formerly known as MBNA America Bank, N.A. v Ryan T

Hermiz

      **Forum File Number:** FA0612000861014
      **Account No.:** 4264299607963536

Ryan T Hermiz,

6967 Apple Blossom Trail

West Bloomfield, MI 48322

USA

      **RESPONDENT(S)**

COMES NOW, Claimant, FIA Card Services, N.A., *formerly known as* MBNA America Bank, N.A., (hereinafter, "Claimant"), and states its claim against Respondent and shows this honorable Forum the following:

1. Respondent(s) is/are in breach of the Cardmember Agreement, (hereinafter, "Agreement"). The material provisions of the Agreement are quoted herein. Counsel for Claimant will provide exemplar agreements and via email or regular mail upon request.

2. Respondent's(s') breach arises from his/her failure to honor the payment terms of the Agreement. Revolving credit was extended to Respondent(s) in reliance upon the terms of the Agreement. The debt, which is the subject of the instant Claim, arises from revolving credit extended to the Respondent in the form of credit card account number 4264299607963536.

3. Respondent's(s') continuing default under the terms of the Agreement has resulted in a present principal debt on account due and owing to Claimant in the amount of $15457.43, as reflected in the attached account summary, plus interest accrued through the date of filing in the total amount of $320.1. Interest continues to accrue upon the principal balance due at the rate of 10.25%. The foregoing interest rate is the pre-judgement legal rate of interest authorized by the state law governing the Agreement (as quoted

$E \times H_1 B_1 T \ 5$

immediately below), to wit, the law of the State of Delaware:

**GOVERNING LAW:** This Agreement is made in Delaware. It is governed by the laws of the State of Delaware, without regard to its conflict of laws principles, and by any applicable federal laws.

Submitted for the convenience of the tribunal is a true and correct copy of the relevant statute, 6 Del. C. § 2301, appended hereto as Exhibit "A".

4. Despite repeated attempts by Claimant and Claimant's counsel and/or agents to resolve this claim short of resort to the remedy sought herein, Respondent(s) has/have not paid the amounts due or otherwise made provision for an accord and satisfaction of the claim at bar.

5. Claimant proceeds herein pursuant to the following provision of the Agreement, as amended:

**Arbitration:** Any claim or dispute ("Claim") by either you or us against the other, or against the employees, agents or assigns of the other, arising from or relating in any way to this Agreement or any prior Agreement or your account (whether under a statute, in contract, tort, or otherwise and whether for money damages, penalties or declaratory or equitable relief), including Claims regarding the applicability of this Arbitration Section or the validity of the entire Agreement or any prior Agreement, shall be resolved by binding arbitration. "Claim" shall have the broadest meaning possible.
The arbitration shall be conducted by the National Arbitration Forum ("NAF"), under the Code of Procedure in effect at the time the claim is filed. Rules and forms of the National Arbitration Forum may be obtained and Claims may be filed at any National Arbitration Forum office, www.arb-forum.com, or P.O. Box 50191, Minneapolis, MN USA 55405-0191, telephone 1-800-474-2371. If the NAF is unable or unwilling to act as arbitrator, we may substitute another nationally recognized, independent arbitration organization that uses a similar code of procedure. At your written request, we will advance any arbitration filing fee, administrative and hearing fees which you are required to pay to pursue a Claim in arbitration. The arbitrator will decide who will be ultimately responsible for paying those fees. In no event will you be required to reimburse us for any arbitration filing, administrative or hearing fees in an amount greater than what your court costs would have been if the claim had been resolved in a state court with jurisdiction. Any arbitration hearing at which you appear will take place within the federal judicial district that includes your billing address at the time the Claim is filed. This arbitration agreement is made pursuant to a transaction involving interstate commerce, and shall be governed by the Federal Arbitration Act, 9 U.S.C. 1-16 ("FAA"). Judgment upon any arbitration award may be entered in any court having jurisdiction. The arbitrator shall follow existing substantive law to the extent consistent with the FAA and applicable statutes of limitations and shall honor any claims or privilege recognized by law. If any party requests, the arbitrator shall write an opinion containing the reasons for the award.

No Claim submitted to arbitration is heard by a jury and no Claim may be brought as a class action or as a private attorney general. You will not have the right to act as a class representative or participate as a member of a class of claimants with respect to any Claim. This Arbitration Section does not apply to Claims between you and us previously asserted in any lawsuits filed before the date this Arbitration Section becomes effective. However, this Arbitration Section applies to all Claims now in existence or that may arise in the future.

This Arbitration Section shall survive the termination of your account with us as well as any voluntary payment of the debt in full by you, any bankruptcy by you or sale of the debt by us.

For the purposes of this Arbitration Section, "we" and "us" means MBNA America Bank, N.A., its parent, subsidiaries, affiliates, licensees, predecessors, successors, assigns, and any purchaser of your account, and all of their officers, directors, employees, agents and assigns or any and all of them. Additionally, "we" or "us" shall mean any third party providing benefits, services, or products in connection with the account (including but not limited to credit bureaus, merchants that accept any credit device issued under the account, rewards or enrollment services, credit insurance companies, debt collectors and all of their officers, directors, employees and agents) if, and only if, such a third party is named by you as a co-defendant in any Claim you assert against us. Also, for the purposes of this Arbitration Section, "you" or "yours" shall mean any person or entity approved by us to use the account, including but not limited to all persons or entities contractually obligated on the Account and all authorized users of the account.

If any part of this Arbitration Section is found to be invalid or unenforceable under any law or statute consistent with the FAA, the remainder of this Arbitration Section shall be enforceable without regard to such invalidity or unenforceability.

THE RESULT OF THIS ARBITRATION SECTION IS THAT, EXCEPT AS PROVIDED ABOVE, CLAIMS CANNOT BE LITIGATED IN COURT, INCLUDING SOME CLAIMS THAT COULD HAVE BEEN TRIED BEFORE A JURY, AS CLASS ACTIONS OR AS PRIVATE ATTORNEY GENERAL ACTIONS.

6. Claimant respectfully requests an Award in its favor for the amounts reflected in Paragraph 3 herein together with the costs, fees and expenses of collection described more fully at subparagraphs A through C of this paragraph. The foregoing elements of ancillary relief are provided for by the Agreement (as quoted immediately below) and authorized by the laws of the State of Delaware.

**Reasons for Requiring Immediate Repayment:**
...If you default, unless prohibited by applicable law, we can also require you to pay the collection and court costs we incur in any collection proceeding, and a reasonable attorney's fee if we refer your account for collection to an attorney who is not our salaried employee.
Submitted for the convenience of the tribunal are true and correct copies of the relevant statutes, to wit, 10 Del. C. § 3912, appended hereto as Exhibit "B" and 5 Del. C. § 951, appended hereto as Exhibit "C".

- Attorney's Fees;
- Costs of Arbitration: (i) A Filing Fee of $60 already incurred by Claimant; (ii) a Commencement Fee as may be incurred; (iii) any Administrative Fees as may be incurred; (iv) any other or further Fees as may be incurred in the course of these proceedings;
- Expenses incurred by the Claimant in serving the Respondent with this Claim.

WHEREFORE, Claimant respectfully requests the issuance of an AWARD in its favor as follows:

- In the amount of $15457.43 for the principal amount of debt due and owing from Respondent to Claimant;
- In the amount of $320.1 for interest accrued on said principal amount through the date of this filing;
- For prejudgment interest at the legal rate of 10.25% from the date of this filing through the issuance of Award;
- Although permitted by this Agreement, Claimant is NOT seeking Attorney's Fees;
- All costs of Arbitration as may be incurred by Claimant in the course of these proceedings;
- Service expenses as incurred in serving this Claim upon Respondent;
- Any other or further relief that this honorable Forum deems appropriate.

The undersigned asserts, under penalty of perjury, that the information contained in this Claim and the supporting documents attached hereto are true and correct.

RESPONDENT(S) MUST SEND A WRITTEN RESPONSE TO THE NATIONAL ARBITRATION FORUM, WITH A COPY TO THE CLAIMANT, WITHIN 30 DAYS OR AN AWARD MAY BE ENTERED IN FAVOR OF THE CLAIMANT.

James D. Branton, Esq.
for the Claimant


Claimant Contact:
Mann Bracken, LLC
Attention: James D. Branton, Esq.
One Paces West, Suite 1400
2727 Paces Ferry Road
Atlanta, GA 30339
1-888-232-8439
arbitration@mannbracken.com

SUMMARY OF ACCOUNT INFORMATION

12/05/2006 - RYAN T HERMIZ

ACCOUNT STATUS REPORT

Date Filed:            12/05/2006

Account Number:        4264299607963536

Primary Account Holder:   RYAN T HERMIZ

Address:               6967 Apple Blossom Trail

                       West Bloomfield, MI 48322

Home Phone:            (248) 668-1657

Work Phone:            (248) 557-9030

Secondary Account Holder:

Address:

Home Phone:

Work Phone:

Last Payment:          05/22/2006

Principal Balance:     $15457.43

Interest Rate:         10.25%

Charge Off Date:

INFORMATION DRAWN FROM ACCOUNT RECORDS AND CURRENT AS OF THE DATE FILED

# NOTICE OF ARBITRATION

Dear Respondent,

AN ARBITRATION CLAIM HAS BEEN FILED AGAINST YOU.

Enclosed and served upon you is the Initial Claim. You may obtain a copy of the Code of Procedure, without cost, from the Claimant or from the Forum at WWW.ARBITRATION-FORUM.COM or 800/474-2371.

IF YOU DO NOT SERVE THE CLAIMANT AND FILE WITH THE FORUM A WRITTEN RESPONSE, AN AWARD MAY BE ENTERED AGAINST YOU. AN ARBITRATION AWARD MAY BE ENFORCED IN COURT AS A CIVIL JUDGMENT.

YOU HAVE THIRTY (30) DAYS TO RESPOND FROM RECEIPT OF SERVICE.

You have a number of options at this time. You may:

1. *Submit a written Response to the Claim,* stating your reply and defenses to the Claim, together with documents supporting your position. Your Response must be delivered to the Claimant and filed with the Forum. Read National Arbitration Forum [NAF] Code of Procedure Rules 13 and 6C.
   Proof of delivery of the Response on the Claimant must also be filed with the Forum. Read NAF Rules 2A, 2M, and 2AA. Proof of delivery can be a statement: "Respondent, under penalty of perjury, states that the Response was delivered to Claimant by [explain how delivered, such as mail or other methods in NAF Rule 6C]".

   A Counter Claim, Cross-claim or Third Party Claim must also be delivered and filed with the Forum, and accompanied by the fee as provided in the Fee Schedule. Read NAF Rules 14, 15, and 16. Forms for such Response and Claims may be obtained from the Forum.

   If you fail to respond in writing to the Claim, an Award may be entered against you and in favor of the Claimant.

2. *Select a Document Hearing or a Participatory Hearing.* You may request a Hearing in your Response or in a separate writing. You may select a Document or Participatory Hearing, and you may also request a Hearing on-line or by telephone. If an In-person Participatory Hearing is selected, it will be held in the federal Judicial District where you reside or do business, unless you have agreed otherwise. Your written Request for a Hearing must be filed with the Forum. You must also deliver a copy of your Request to the Claimant and any other Parties. Read NAF Rules 25 and 26.

3. *Have other options.* You may seek the advice of an attorney or any person who may assist you regarding this arbitration. You should seek this advice promptly so that your Response can be delivered and filed within the time required by the Code of Procedure. Read NAF Rule 5 for a Summary of Arbitration Procedures. If you have any questions about responding, you may contact the Forum.

The Forum is an independent and impartial arbitration organization, which does not give legal advice or represent parties. THIS SUMMARY IS NOT A SUBSTITUTE FOR READING AND UNDERSTANDING

THE CODE OF PROCEDURE WHICH GOVERNS THIS ARBITRATION.

National Arbitration Forum
P.O. Box 50191
Minneapolis, MN USA 55405-0191
(952)516-6400 (800)474-2371
info@arb-forum.com
ARBITRATION-FORUM.com

INDEX OF EXHIBITS

A.
6 Del. Code § 2301

B.
10 Del. Code § 3912

C.
5 Del. Code § 951

EXHIBIT A

Delaware Code : TITLE 6 Commerce and Trade : SUBTITLE II Other Laws Relating to Commerce and Trade : **CHAPTER 23. INTEREST : § 2301. Legal rate; loans insured by Federal Housing Administration.**

1. Any lender may charge and collect from a borrower interest at any rate agreed upon in writing not in excess of 5% over the Federal Reserve discount rate including any surcharge thereon, and judgments entered after May 13, 1980, shall bear interest at the rate in the contract sued upon. Where there is no expressed contract rate, the legal rate of interest shall be 5% over the Federal Reserve discount rate including any surcharge as of the time from which interest is due; provided, that where the time from which interest is due predates April 18, 1980, the legal rate shall remain as it was at such time.
2. If the rate of interest specifically set forth in any bond, note or other evidence of indebtedness, exclusive of other charges, fees or discounts authorized or permitted under federal law or under any rule or regulation promulgated pursuant thereto, does not exceed the lawful rate prescribed in subsection (a) of this section, no person shall, by way of defense or otherwise, avail himself/herself of any of the provisions of this chapter, to avoid or defeat the payment of any interest or any such charges, fees or discounts, which any such person shall have contracted to pay in respect of any loan insured by the Federal Housing Administration, or the Commissioner thereof, under or pursuant to the provisions of the National Housing Act [12 U.S.C. § 1701 et seq.], approved June 27, 1934, and amendments thereto, or guaranteed by the Veterans Administration, or the administrator thereof, under and pursuant to Title 38 of the United States Code [38 U.S.C. § 3701 et seq.], and amendments thereto; nor shall anything contained in this chapter be construed to prevent recovery of any such interest or any such charges, fees or discounts from any person who shall have contracted to pay the same.
3. Notwithstanding any other provision in this chapter to the contrary, there shall be no limitation on the rate of interest which may be legally charged for the loan or use of money, where the amount of money loaned or used exceeds $100,000, and where repayment thereof is not secured by a mortgage against the principal residence of any borrower.
4. In any tort action for compensatory damages in the Superior Court or the Court of Common Pleas seeking monetary relief for bodily injuries, death or property damage, interest shall be added to any final judgment entered for damages awarded, calculated at the rate established in subsection (a) of this section, commencing from the date of injury, provided that prior to trial the plaintiff had extended to defendant a written settlement demand valid for a minimum of 30 days in an amount less than the amount of damages upon which the judgment was entered.

(Code 1852, § 1160; 16 Del. Laws, c. 310, § 1; Code 1915, § 2621; 28 Del. Laws, c. 213; Code 1935, § 3101; 6 Del. C. 1953, § 2301; 52 Del. Laws, c. 277; 56 Del. Laws, c. 288, §§ 1-4; 57 Del. Laws, c. 78, § 1; 57 Del. Laws, c. 311; 59 Del. Laws, c. 439, § 1; 59 Del. Laws, c. 589, § 1; 62 Del. Laws, c. 228, § 7; 62 Del. Laws, c. 239, § 1; 70 Del. Laws, c. 186, § 1; 72 Del. Laws, c. 443, § 1.)

EXHIBIT B

Delaware Code : TITLE 10 Courts and Judicial Procedure : PART III Procedure : **CHAPTER 39. PLEADING AND PRACTICE** : **§ 3912. Counsel fees; recovering in actions on written instruments.**

In all causes of action, suits, matters or proceedings brought for the enforcement of any note, bond, mechanics lien, mortgage, invoice or other instrument of writing, if the plaintiff or lien holder in the action, suit or proceeding recovers judgment in any sum, the plaintiff or lien holder may also recover reasonable counsel fees, which shall be entered as a part of the judgment in the action, suit or proceeding. Such counsel fees shall not in any such action, suit or proceeding, exceed 20 percent of the amount adjudged for principal and interest. Such counsel fees shall not be entered as a part of such judgment unless the note, bond, mortgage, invoice or other instrument of writing sued upon, by the terms thereof, expressly provides for the payment and allowance thereof, except in the cases of mechanics liens in which no express agreement shall be necessary in order to entitle the lien holder to reasonable counsel fees.

(27 Del. Laws, c. 286; Code 1915, § 4204; 38 Del. Laws, c. 202, § 1; Code 1935, § 4682; 10 Del. C. 1953, § 3912; 68 Del. Laws, c. 63, § 1; 70 Del. Laws, c. 136, § 1.)

# EXHIBIT C

Delaware Code : TITLE 5  Banking : PART II Banks and Trust Companies : **CHAPTER 9. REGULATIONS GOVERNING BUSINESS OF BANKS AND TRUST COMPANIES : Subchapter II. Bank Revolving Credit : § 951. Attorney's fees; costs.**

In the event a borrower defaults under the terms of a plan, the bank may, if the borrower's account is referred to an attorney (not a regularly salaried employee of the bank) or to a third party for collection and if the agreement governing the revolving credit plan so provides, charge and collect from the borrower a reasonable attorney's fee. In addition, following a borrower's default, the bank may, if the agreement governing the plan so provides, recover from the borrower all court, alternative dispute resolution or other collection costs (including, without limitation, fees and charges of collection agencies) actually incurred by the bank.

(63 Del. Laws, c. 2, § 4; 66 Del. Laws, c. 283, § 10; 72 Del. Laws, c. 15, § 11.)



NATIONAL ARBITRATION

# FORUM

*A FORUM Dispute Management Organization*

December 14, 2006

Ryan T Hermiz
6967 Appleblossom Trail
West Bloomfield, MI  48322

**RE:  FIA Card Services, N.A., formerly known as MBNA America Bank, N.A. v Ryan T Hermiz**
**File Number: FA0612000861014**
**Claimant Account Number: 4264299607963536**
**Claimant Reference Number: 61475050**

Dear Respondent:

The National Arbitration Forum is in receipt of the documents received on December 14, 2006 that you submitted in the above matter.

Please note that these documents have not been considered a Response under Rule 13A of the Forum Code of Procedure.

If you wish to file a Response to this matter, please submit your Response in accord with Rule 13 of the Code.  Rule 13 states, in part, that your Response is due <u>thirty days from the date you were served with the Claim</u> or fourteen days from the date of the Second Notice of Arbitration, whichever is later, and must be delivered to all Parties and filed with the Forum.

The Second Notice of Arbitration will be sent to you by the Forum once the Claimant files its Proof of Service in this matter.

Sincerely,

Carrie J Tusing
Case Coordinator

cc:   FIA Card Services, N.A., formerly known as MBNA America Bank, N.A.
      c/o Mann Bracken, LLC
      James D. Branton, Esq.
      2727 Paces Ferry Road
      One Paces West, 14th Floor
      Atlanta, GA  30339



NATIONAL ARBITRATION
**FORUM**

January 08, 2007


Ryan T Hermiz
6967 Appleblossom Trail
West Bloomfield, MI 48322


RE: FIA Card Services, N.A., formerly known as MBNA America Bank, N.A. v Ryan T Hermiz
File Number: FA0612000861014
Claimant Account Number: 4264299607963536
Claimant Reference Number: 61475050

### SECOND NOTICE OF ARBITRATION

Dear Respondent,

We have received notice that you have been served with an Arbitration Claim in the above case. If you want to respond to the Claim, the Code of Procedure requires you to respond in writing.

If you have not yet responded, YOU MAY STILL SUBMIT A WRITTEN RESPONSE to the Claimant and the Forum. YOU HAVE THIRTY (30) DAYS FROM THE DATE OF SERVICE OR FOURTEEN (14) DAYS FROM THE DATE OF THIS NOTICE, whichever is later, to respond.

If you do not deliver to the Claimant and file with the Forum a written response, an Award may be entered against you and in favor of the Claimant.   An arbitration Award may be enforced in court as a civil judgment.

The First Notice of Arbitration you received with the Initial Claim documents stated that you could:

1.   *Submit a written Response to the Claim, stating your reply and defenses to the Claim, together with documents supporting your position.*  Proof of delivery of the Response on the Claimant must also be filed with the Forum.  Proof of delivery can be a statement: "Respondent, under penalty of perjury, states that the Response was delivered to Claimant by [explain how delivered, such as by mail or other methods in NAF Rule 6C]".

2.   *Request a Document Hearing, an In-Person Participatory Hearing where you reside or do business, or an On-Line or Telephone Hearing as provided in the Forum Code of Procedure.*  Parties have a full and equal right to present relevant and reliable direct and cross examination testimony, documents, exhibits, evidence and arguments.  Parties also have the right to subpoena witnesses.  See NAF Rules 5, 25, 26, 29, 30, 31, and 33.

3.   *Seek the advice of an attorney or any person who may assist you regarding this arbitration.*  See NAF Rule 3.  *You should seek this advice immediately.*  Parties have the right to adjournment for good cause within the time period allowed in NAF Rule 9.  *You should also read the National Arbitration Forum Code of Procedure which explains what you must and can do.*  See NAF Rules 5, 6C, 13, 14, 15, 16, 24, and 25.

You still have these options.  If you have any questions or need a copy of the Initial Claim Documents or the Forum Code of Procedure, or have any questions about responding, you may contact the Forum:

National Arbitration Forum
P. O. Box 50191, Minneapolis, MN USA 55405-0191
(800) 474-2371
info@adrforum.com
www.adrforum.com

The Forum is an independent and impartial arbitration organization, which does not give legal advice or represent parties.  THIS SUMMARY IS NOT A SUBSTITUTE FOR READING AND UNDERSTANDING THE FORUM CODE OF PROCEDURE WHICH GOVERNS THIS ARBITRATION.

**From:**

Ryan Hermiz
6967 Appleblossom Trail
West Bloomfield Mi 48322

**To:**

National Arbitration Forum
PO Box 50191
Minneapolis, MN USA 55405-0191

January 15, 2007

### NOTICE OF DISPUTE

**Certified RR#** 7005-3110-0003-8765-5894

**Re:**

**File Number:** FA0612000861014

**Claimant Account Number:** 4264299607963536

**Claimant Referance Number:** 61475050

Dear Sir/Madame:

I am in receipt of your letter demanding payment on the above referenced account. I dispute this debt and refuse to pay it.

Further, I never entered into an agreement to arbitrate any disputes on this account.

Respectfully,

Ryan Hermiz

From:

Ryan Hermiz
6967 Appleblossom Trail
West Bloomfield MI 48322

**To:**

National Arbitration Forum
PO Box 50191
Minneapolis, MN USA 55405-0191

December 11, 2006

## NOTICE OF DISPUTE

**Certified RR# 7005-1820-0007-3480-6944**

**Re:**

**Account #** 4264299607963536

**File #** 61475050

**Forum File Number:** FA0612000861014

Dear Sir/Madame:

    I am in receipt of your letter demanding payment on the above referenced account. I dispute this debt and refuse to pay it.

    Further, I never entered into an agreement to arbitrate any disputes on this account.

Respectfully,

Ryan Hermiz

## SHERMETA, ADAMS & VON ALLMEN, P.C.

ATTORNEYS AND COUNSELORS AT LAW
445 South Livernois Road, Suite 333
P.O. Box 5016
Rochester Hills, MI 48308-5016
(248) 652-8200
FAX (248) 652-1292

MARCH 13, 2007

RYAN T HERMIZ
6967 APPLE BLOSSOM TRAIL
WEST BLOOMFIELD, MI  48322

RE:  OUR CLIENT:  FIA CARD SERVICES, N.A.
                  F/K/A MBNA AMERICA BANK, N.A.

     ACCOUNT NUMBER:  4264299999825871
     OUR FILE #:  433230/001   CURRENT AMOUNT DUE:  $17,660.31

DEAR SIR/MADAM:

PLEASE BE INFORMED THAT OUR ABOVE REFERENCED CLIENT HAS REQUESTED
THAT OUR FIRM CONTACT YOU REGARDING THE BALANCE ON YOUR PAST DUE
ACCOUNT.  BECAUSE OF INTEREST AND OTHER CHARGES THAT MAY ACCRUE,
THE AMOUNT YOU OWE MAY CONTINUE TO INCREASE DAILY. WE REQUEST THAT
YOU CONTACT OUR OFFICE FOR THE PURPOSE OF MAKING ARRANGEMENTS FOR
PAYMENT.

WE WILL ASSUME THAT THE ABOVE REFERENCED DEBT IS VALID, UNLESS YOU
DISPUTE THE VALIDITY OF THIS DEBT, OR ANY PORTION THEREOF, WITHIN
THIRTY DAYS AFTER YOUR RECEIPT OF THIS LETTER.  IF YOU NOTIFY US IN
WRITING, WITHIN THIRTY DAYS AFTER YOUR RECEIPT OF THIS LETTER, THAT
YOU DISPUTE THIS DEBT, OR ANY PORTION THEREOF, WE WILL OBTAIN
VERIFICATION OF THIS DEBT AND MAIL A COPY OF THIS VERIFICATION TO YOU.
ALSO, UPON WRITTEN REQUEST WITHIN THIRTY DAYS AFTER YOUR RECEIPT OF
THIS LETTER, WE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE
ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR. THIS
COMMUNICATION IS FROM A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT
AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

PLEASE DIRECT ALL QUESTIONS AND CORRESPONDENCE TO THE ATTENTION
OF OUR RECOVERY DEPARTMENT AT 248-652-3278.  IF YOU ARE OUT OF STATE
CALL 1-800-223-5685 OR LONG DISTANCE IN MICHIGAN CALL 1-800-451-7992.

SINCERELY,

T.P. GRUCA
K.J. VON ALLMEN                                    01/433230/001/

EXHIBIT 6

**From:**

Ryan Hermiz
6967 Apple Blossom Trail
West Bloomfield MI 48322

**To:**

Shermeta, Adams & Von Allmen, P.C.
445 South Livernois Road, Suite 333
PO Box 5016
Rochester Hills, MI 48308-5016

**Date:** March 26, 2007

### NOTICE OF DISPUTE

**Re:**

**Account #** 4264299999825871
**File #** 433230/001
**Amount Due:** $17,660.31

**CRR#** 7005-1820-0007-3480-7040

Dear Sir/Madame:

I am in receipt of your letter demanding payment on the above referenced
account.

I dispute this debt and refuse to pay it.

Respectfully,

Ryan Hermiz

EXHIBIT 7

07-083772-CZ

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLA

JUDGE MARK A. GOLDSMITH
FIA CARD SERV V HERMIZ,RYAN

FIA CARD SERVICES, N.A.
F/K/A MBNA AMERICA BANK, N.A.
                    Plaintiff,

vs.                                          Case No.                    -CZ

RYAN T HERMIZ

_____Defendant(s)._____/
SHERMETA, ADAMS & VON ALLMEN, P.C.
BY:  KYLE J. VON ALLMEN (P52776)
Attorneys for Plaintiff
P.O. Box 5016
Rochester, Michigan  48308
(248) 652-8200                          /

                There is no other pending or resolved
                civil action arising out of the transaction
                or occurrence alleged in the complaint.

                            COMPLAINT

     NOW COMES the Plaintiff, FIA CARD SERVICES, N.A.
F/K/A MBNA AMERICA BANK, N.A. by and through its attorneys,
SHERMETA, ADAMS & VON ALLMEN, P.C., and for its Complaint against the
above named Defendant(s) states to this Honorable Court as follows:

     1. This matter is within the jurisdiction of this Court pursuant
to MCL §600.5025 and venue is proper pursuant to MCL §600.5031.

     2. An Arbitration Hearing was held on 02/02/2007 pursuant
to the parties' agreement to arbitrate.

     3. At said Hearing, the Arbitration Panel awarded $17,660.31
to Plaintiff.  Attached as Exhibit A is a copy of the Award Notice.

     4.  Defendant has failed, refused and neglected to pay this
balance as required.

     5.  There is presently $17,660.31 due and owing to Plaintiff.

          WHEREFORE, Plaintiff requests that this Honorable Court
enter judgment against the Defendant pursuant to MCL §600.5001 et. seq.,
in the amount of $17,660.31 plus interest, costs and attorney fees.


                              SHERMETA, ADAMS & VON ALLMEN, P.C.
Dated:  MAY 22, 2007
433230/RP

                              BY:  _____
                                   Terri P. Gruca  (P55821)
                                   Kyle J. Von Allmen (P52776)


EXHIBIT 8

JS 44
(REV. 12/96)

# ORIGINAL   CIVIL COVER SHEET

08 - 11888

### COUNTY IN WHICH ACTION AROSE  OAKLAND

U.S. DIST. COURT CLERK

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
RYAN HERMIZ   2008 MAY -5 P 12: 35

**DEFENDANTS**
MANN, BRACKEN LLC
SHERMETA, ADAMS + VAN ALLMEN

FILED

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  OAKLAND
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  OAKLAND
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
DOUG DERN  P64567
11636 HIGHLAND RD #107
HARTLAND MI 48353    810 632 9160

ATTORNEYS (IF KNOWN)

# JOHN FEIKENS
# DONALD A. SCHEER

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**VI. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☒ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

8
9
0

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

15 USC § 1692 et seq     Fair Debt Collection Practices Act Violations

**VII. REQUESTED IN COMPLAINT:**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   CHECK YES only if demanded in complaint: JURY DEMAND: ☒ YES  ☐ NO

**VIII. RELATED CASE(S)** (See instructions): **IF ANY**   JUDGE _____   DOCKET NUMBER _____

DATE  5-3-08   SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously discontinued or dismissed?   ☐ YES   ☒ NO

   If **yes**, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)   ☒ YES   ☐ NO

   If **yes**, give the following information:

   Court: _OAKLAND County CIRCUIT CouRT_

   Case No.: _07-083772-CZ_

   Judge: _HON MaRK GOLD SMITH_

---

**NOTES:**